IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Daniel Anthony March,<br><br>    Defendant. | NO.   CR 13-02249-TUC-JGZ(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On December 1, 2013, Defendant Daniel Anthony March was arrested for possession of marijuana. The Defendant was indicted on December 26, 2013 [Doc. 7]. On January 23, 2014, Defendant filed a Motion to Suppress [Doc. 15]. The Government filed its Response [Doc. 19] on February 6, 2014.

The matter came on for Evidentiary Hearing before the Court on February 25, 2014. The Government called as witnesses U. S. Border Patrol Agents Gregory Nanez and Vincent Mendola. The defense called no witnesses.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after her independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress [Doc. 15].

**FACTS**

On December 1, 2013, the U. S. Border Patrol's checkpoint on State Route 90 near Whetstone, Arizona, was operational. At that time, the checkpoint experienced low traffic and was being operated without a K-9 in the pre-primary area, i.e. behind the stop sign.

1    Border Patrol Agent Nanez was stationed at primary when he saw a sole occupant in a Nissan Altima arrive at his station. The driver had both hands on the steering wheel, appeared stiff in his seat, and made no eye contact with Nanez. Nanez believed the non-Hispanic Caucasian driver was nervous.

The driver, Defendant Daniel Anthony March, claimed ownership of the vehicle and stated it was a 1994 model. He did not know the make of the vehicle. All of this was in response to questions by Nanez. He produced an Arizona ID card and claimed U.S. citizenship. When Nanez asked the driver if Nanez could look in the trunk of the vehicle, the driver established eye contact and responded, "No."

Nanez then referred the driver to secondary. The K-9 alerted to the vehicle's trunk, where, in total, the agents found 59 kilograms of marijuana, a cell phone, a laptop computer, and $1,465.00. The Defendant was arrested.

## DISCUSSION

The unspoken theme of this Motion to Suppress seems to be that the Border Patrol should be profiling checkpoint detainees, so that a non-Hispanic Caucasian who does not know the make of his automobile, appears nervous, and does not make eye contact when spoken to by law enforcement should be sent on his way when he claims U.S. citizenship and denies permission to search. On its face, the facts suggest the Defendant was treated exactly like any U.S. citizen who appears to be Hispanic, Native American, or African American.

A Border Patrol checkpoint is more akin to a Port of Entry than a roving patrol stop. As such, the quantum of articulate facts necessary to refer a vehicle to secondary are less. The legally acceptable option to checkpoints is to avoid them by using roads subject only to roving patrols and the standards under which those seizures are authorized.

## CONCLUSION

It is the recommendation of this Court that the District Judge, after her independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress [Doc. 15].

1    Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date
2 of this Report and Recommendation to file written objections to these findings and
3 recommendations with the District Court. Any objections filed should be filed as CR 13-
4 02249-TUC-JGZ. No Replies shall be filed unless leave is granted from the District Court.
5    DATED this 12th day of March, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge